ALBANY,
January, 1821.

UTICA BANK
v.
VAN GIESON.

The UTICA BANK *against* VAN GIESON and others.

THIS wa⬛⬛⬛⬛⬛⬛⬛⬛*mpsit,* for money had and received, ⬛⬛⬛⬛⬛⬛⬛*neida* circuit, in *September* last, before Mr. J⬛⬛⬛*Yates.*

G. *Stephens,* one of the defendants, left with the plaintiffs for collection, a promissory note of *Hart & Allen,* of *Geneva,* for 264 dollars and 36 cents, payable to the defendants or order, at the *Bank of Geneva,* and which fell due the 11th of *November* last. The defendants were the only endorsers ; and *S.,* wishing the note not to be protested, in case it was not paid, wrote, at the bottom of the note, " not to be protested, if not paid, when due." The plaintiffs not having made any memorandum of this direction of *S.,* and not having received any notice of a protest, presumed that it had been regularly paid at the *Bank of Geneva,* where they had sent it for that purpose ; and, on the 20th of *November,* transmitted to the defendants, in *New-York,* a draft on the *Mechanics' Bank* in that city, for 260 dollars and 40 cents, deducting 1 1-2 per cent. for collecting the note ; and which draft was paid to the defendants. Soon after, the note was returned to the plaintiffs by the *Geneva Bank,* unpaid ; and the plaintiffs produced the note at the trial, and offered to deliver it up to the defendants.

The defendants insisted, that the plaintiffs were not entitled to recover, without showing that they had, previous to the commencement of the suit, explained the mistake to the defendants, demanded a repayment of the money, and returned to them the note. That, in regard to the money received, the defendants, if liable at all, could only be considered in the light of trustees, and no fault could be imputed to them, until after notice of the mistake, and a demand of the money. The plaintiffs, then, proved, that after the note was returned to them by the *Geneva Bank,* and before the last of the month of *November,* they put a letter into the post office at *Utica,* directed to the defendants at *New-York,* informing them of the mistake, and requesting a repayment

*Where money is paid by the plaintiff, to the defendant, by mistake, notice of the mistake, and demand of repayment, before bringing a suit to recover it back, are not necessary. For the party receiving money, paid under a mistake of facts, is not a bailee or trustee, nor does his duty to return it, arise upon request. If notice and demand were necessary, putting a letter containing such notice and demand, directed to the defendant, into the post office, is sufficient.*

of the money.  There was no proof that this letter, or any notice of the mistake, had ever been received by the defendants, previous to the suit.

Under the direction of the judge, the jury found a verdict for the plaintiffs, subject to the opinion of the court, on a case to be made by the defendants, if they thought proper to move to set aside the verdict.

The cause was submitted to the court without argument.

SPENCER, Ch. J. delivered the opinion of the Court.

The objection taken to the plaintiff's recovery is, that the defendants ought to have had notice that *Hart & Allen's* note payable at the *Bank of Geneva*, had not been paid, before this suit was instituted against them; and if so, then that notice through the post office was not sufficient.  It is not pretended that the plaintiffs were guilty of any neglect in relation to that note; and the amount claimed was paid to the defendants, upon the supposition that *Hart & Allen's* note had been paid at the *Bank of Geneva;* but it turns out that it was not paid.  The plaintiff's ground of action, then, is, that the money was paid to the defendants under a mistake of facts.  The defendants are not bailees, or trustees of the money thus received.  It was paid and received, as their money, and not as money to be kept for the plaintiffs.  In such a case, it was not necessary to make a demand prior to the suit ; for a request was not essential to the maintenance of the action; nor did the defendants duty to return the money erroneously paid, arise upon request.

But, we are of opinion, that were it necessary to prove notice to the defendants, of the non-payment of *Hart & Allen's note,* and, therefore, of the mistake which had happened, the proof was sufficient.  In mercantile transactions, sending notice by the post, is sufficient notice to the party, on the principle of general convenience.  It is every day's practice, as to the dishonour of a note, with a view of charging the endorser; and there is no reason why the same practice should not be admitted as to other mercantile business. (*Phillip's Ev.* 391. 338.   3 *Campb. N. P. Rep.* 379. 4 *Campb. N. P. Rep.* 193.)

Judgment for the plaintiffs.