Denio, Ch. J.
If the facts respecting the discount of Ben-sen’s note were such as the defendant offered to prove them, the credit which-the plaintiff obtained on the defendant’s books, being the result of his fraud, was unavailing, either as a contract for the payment of the sum which was in form credited, or as evidence of money of the plaintiff in the defendant’s hands. The contract to pay the amount to the plaintiff upon his checks in the' usual course of banking business, which would have arisen, if no fraud had intervened, could not be predicated of the' transaction if it should appear to have been brought about by the fraud of the party seeking to avail himself of it. Fraud vitiates every contract and renders void as to the guilty party every transaction into which it enters. The Supreme Court, without questioning this self-evident proposition, was of opinion that the defendants could not avail themselves of it in this case, because, as it was considered, the fruits of the fraud had been actually delivered to the plaintiff when his checks had been answered' to the extent of the moneys to his credit on the books, except as to a small sum. Conceding' *293 that the plaintiff had thus drawn from the bank the amount of this fraudulent and invalid credit, the defendant’s remedy was not limited to an action on the case for fraud, for the redress of this wrong. The law allows a shorter method, by holding that the money thus obtained was received by the plaintiff to the defendant’s use; and it implies a contract on the part of the plaintiff to repay it to the party from whom he had wrongfully obtained it. (Willson v. Force, 6 John., 110; Byxbie v. Wood, 24 N. Y., 607.) If the discounting of the note had been an isolated transaction and the proceeds had been immediately paid to the plaintiff, the defendants could, as soon as they had discovered the fraud, have brought assumpsit against the plaintiff to recover it from him, as for money which he had received for the use of the bank, and upon an implied promise to repay it; and in such case no notice or request is necessary, as there is a trust or implied agreement that the money shall be kept, for the party to whom it belongs. (The Utica Bank v. Van Gieson, 18 John., 485.)
In actions arising upon contract the Code of Procedure allows the defendant to interpose a counter-claim, which, if unconnected with the transaction set forth in the complaint, must also arise upon contract, and it must have existed at the commencement of the action. (§§149,150.) It is not essential that the contract upon which the counter-claim is based should be an express one. The classification of actions and defences does not, in the Code, or by the ancient practice, recognize any distinction between express and implied contracts. The distinction made by the second subdivision of the 150th section, is between demands arising ex contractu and such as originate in a tort, according to the former classification.
It follows from these views that if the defendants could have made good their offer of proof they would have entitled themselves to defeat the plaintiff’s action, and moreover to recover the balance of the money which they had parted with upon the fraudulent discount, unless they had affirmed that transaction by their subsequent conduct. The trial did not ^ proceed far enough to raise that question, for the judge *294 excluded the evidence of fraud on the ground that if proved it would furnish no defence to the plaintiff’s claim. • The plaintiff, it is true, had proved that after issue joined in the suit, and before the trial, the defendant had caused the note to be presented for payment, and notice of non-payment to be given. This did not conclusively prove an adoption of the transaction. Before doing this, they had, by a very deliberate act of record, repudiated the contract of discount by claiming in the answer that it was induced by the fraudulent representations of the plaintiff, and under circumstances which enabled them to recover back the money in this suit. For aught we can know, they might have proved an offer to redeliver the note to the plaintiff, if they had been allowed to go on with their defence. I am not prepared to say that a formal presentment for payment, and a notice of non-payment would, under these circumstances, have warranted a conclusion that they had adopted the contract. The presentment for payment and the notice would, it seems to me, have been only a reasonable .precaution for the bank to take, and the adoption of the discount could not, I think, be legally inferable from it. Besides, if the defendants were chargeable with the note they would have to account only for its actual value, which according to the offer of proof, would- not have been great. But any- questions which may arise upon this branch of the case can be better determined when all the facts shall be presented.
The judgment must be reversed, and a new trial awarded.
Emott, J., dissented on the ground that the bank should have returned the note immediately upon discovering the fraud. All the other judges concurring,
Judgment reversed and new trial ordered.