## THOMAS S. PARKER, RESPONDENT, *v.* THE CITY OF COHOES, APPELLANT.

*Liability of municipal corporation, for excavations in streets — what precautions are required.*

The water commissioners of Cohoes, acting under authority of the law, made an excavation in one of the streets for the purpose of laying therein water pipes for general use, and placed sand and dirt in the vicinity thereof to be placed therein; at the end of the day barriers in the usual form, consisting of planks, extending from sidewalk to sidewalk, supported by barrels placed in the street, were erected to prevent vehicles from entering the street.

Subsequently, some person, without the authority or knowledge of the commissioners, removed one of the barriers, and a short time thereafter plaintiff, drove through the opening thus made, ran upon the obstructions, was thrown from his wagon and injured.

In an action by him to recover the damages sustained thereby, *held,* that the action could not be maintained, as the plaintiff had failed to show any negligence on the part of the commissioners. (LEARNED, P. J., dissenting.)

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

*Samuel Hand,* for the appellant. There was not the slightest proof of actionable negligence on the part of the defendant, either causing or contributing to the injury. (*Gorham* v. *Cooperstown,* 59 N. Y., 660; *McGinty* v. *Mayor of New York,* 5 Duer, 674; Shear. & Red. on Neg., § 147.) The defendant, having caused proper and fit barricades to be put up sufficient to prevent attempts to pass, was not responsible for their removal or its consequences. (*Doherty* v. *Waltham,* 4 Gray, 596; *State* v. *Bangor,* 30 Maine, 34.) In order to make them liable for the consequences of such removal, some negligence of theirs, either of commission or omission, must have contributed thereto. They are not liable upon a guarantee that the barriers are to remain at all events, any more than they are that there shall be no obstructions in the street. (*Gorham* v. *Village of Cooperstown,* 59 N. Y., *supra ; Doherty* v. *Waltham,* 4 Gray, *supra ; Hart* v. *City of Brooklyn,* 36 Barb., 226 ; *McGinity* v. *Mayor of New York,* 5 Duer, 674; *Griffin* v. *Mayor of New York,* 5 Seld., 456.)

*Crawford & Fanning,* for the respondent. Where an excavation for a drain is made in a public street, proper precaution to the public requires not only a sufficient barricade, but that lights shall have also been placed thereon. (*Blake* v. *Ferris,* 5 N. Y., 48 ; *The City of Buffalo* v. *Halloway,* 7 id., 493 ; *Kasler* v. *The City of Ottumwa,* 34 Iowa R., 41 ; *Grant* v. *City of Brooklyn,* 41 Barb., 381; *Baxter* v. *Warner,* 13 Sup. Ct. R., 585.)

BOCKES, J.:

There is no exception in this case, by the appellant, to the referee's conclusion of law; hence there is no question before the court arising upon his report. (*Russell* v. *Duflon,* 4 Lans., 399, 406, 407 ; *Weed* v. *N. Y. and H. R. R. Co.,* 29 N. Y., 616; *Enos* v. *Eigenbrodt,* 32 id., 444.) Nevertheless, the exceptions taken during the trial and presented by the case, made and settled, are open to examination on the appeal. (*The Mayor* v. *Erben,* 24 How., 358, 359; *Cowen* v. *The Village of West Troy,* 43 Barb., 48 ; *Dainese* v. *Allen,* 45 How., 430.) A motion was made for a nonsuit when the plaintiff rested, and was repeated at the close of the case. The motion was denied, and the defendant excepted to the ruling. There

were also exceptions entered, by the defendant, on the rulings of the referee as to the admissibility of evidence. The appeal brings up these exceptions for examination.

The action was brought to recover damages growing out of the alleged negligence of the defendant. The proof showed that the water commissioners, acting under authority of law, made an excavation in one of the streets of the city, for the purpose of laying water pipes for public and general use; and in so doing, caused dirt and earth to be thrown out along the trench; and also brought into the street a heap of sand to be used in the work. At the close of the day, barriers were placed at the contiguous street-crossings, intended to give notice of the dangerous condition of the streets between those points, and to prevent persons traveling in vehicles from entering it. These barriers were of plank, and extended from sidewalk to sidewalk across the street, supported by barrels in or near the center in the usual manner of constructing temporary street barricades. Soon after the barriers were so placed, one of them was removed by some person without the defendant's agency or knowledge; and within a short time thereafter, and in early evening, the plaintiff passed with his horse and carriage through the opening made by the removal of the barrier, ran upon the obstructions in the street, was thrown from his carriage and sustained the injury for which the suit is brought. The evidence also showed, and the referee so found, in effect, that if the barrier had remained as placed, it would have given notice to the plaintiff of the danger to be apprehended in attempting to drive through the obstructed street; it would in fact have prevented his entering it. On this state of facts, the defendant moved for a nonsuit, insisting, as it is now insisted, that the evidence was insufficient to sustain the action. The making of the excavation by the water commissioners, for the purpose of laying water pipes for the public use, was pursuant to lawful authority. This position is not controverted. The excavation was not by a private person for his individual use. Thus the right of action must rest upon proof of some wrongful or negligent act of the defendant, or upon some omission of duty on which negligence may be predicated; for a municipal corporation is not a guarantor for the absolute safety of all persons traveling on the highway within the municipality. (*Gorham* v. *The Village of Cooperstown,* 59 N. Y.,

660.) What then was the wrongful or negligent act or omission of duty, here relied on as a basis of recovery? The answer is that the defendant left piles of earth and sand in the public street, without sufficiently guarding travelers against danger therefrom, or giving them reasonable and proper notice of the unsafe condition of the highway. Let us see how this answer is supported by the facts. It seems that the street was barricaded in a way sufficient to notify travelers of danger. So long as the barricade remained as constructed, travelers in vehicles were excluded or turned from the street. It was erected in the usual manner, and of ordinary material, and if left as erected, was a sufficient warning of danger to all persons who should attempt to pass that way. Indeed, if left as constructed, it would have excluded them from the street. It was not necessary that the barricade should have been made other than temporary, nor of such heavy material as to prevent its removal by human agency. The defendant was not bound to anticipate mischievous or wrongful acts on the part of others, hence was not required to guard against them, and omitting to do so was not negligence. The evidence shows that the barrier was of substantial material, and that it was erected in the usual way, having in view the temporary barricading of the street, while obstructed for a public and lawful purpose. It is urged that lights should have been placed along the line of obstructions. But this was quite unnecessary if the street was properly barricaded. Now, unless the defendant is to be held responsible for the removal of the barrier, certainly no liability was established. As regards this point, it appears that the defendant neither authorized its removal nor had notice of it prior to the accident. The defendant was not therefore in fault by reason of its absence. This point is decided in *Doherty* v. *The Inhabitants of Waltham* (4 Gray, 596). It was there held that if barriers were so placed at sunset as to protect travelers against an obstruction in the street, and to make it safe to persons using ordinary care and prudence, the municipal corporation was not responsible for an injury suffered during the same night by a passenger, by reason of the removal of such barriers, in the absence of reasonable notice of such removal. To the same effect is the decision in *McGinity* v. *The Mayor of New York* (5 Duer, 674). In this case, the injury resulted from a defective grating over a vault under the sidewalk. It is stated that it was found, upon examina-

tion, that a chain, which had secured the grate, was broken, but from what cause did not appear. DUER, J., remarked that it did not appear that the defendants had any notice, or were chargeable with knowledge of its defective state, and added: "The chain might have been broken by an *act of violence*, which, for aught that appears, may have been committed only a short time before the plaintiff was injured." These decisions are sound in principle, and, as it seems, are decisive of the case in hand. It is strenuously urged that there should have been lights along the line of obstruction. But, as above suggested, this was quite unnecessary in case the barricade was sufficient of itself to warn travelers of danger. That this was sufficient for that purpose, if left as erected, the proof shows, and so the referee certifies. Cases are cited in which it is said, in general terms, that dangerous points in the highway should be barricaded *and lighted ;* but such language was so employed to declare the rule that dangerous places in the public highway should be well and sufficiently guarded. If well and sufficiently guarded by barricade, lights were unnecessary ; and then to omit them would not be negligence. As was said, in *State* v. *Bangor* (30 Me., 341–344), the defendant would be justified by showing the dangerous point properly fenced or lighted for protection against accident. Protection is all that is required, and if that be sufficient, it matters not what means are employed to that end. It is manifest, I think, that the plaintiff failed to establish a cause of action, and the motion for non-suit should have been granted.

Judgment reversed, new trial granted, costs to abide the event, and reference discharged.

BOARDMAN, J., concurred.

LEARNED, P. J. (dissenting):

The referee finds that the defendants made the excavations and caused the obstructions, alleged to have occasioned the injury.

Their liability then did not arise simply from their duty as a municipal corporation to take care of the streets. It arose from their own act. Just as a private person might be liable for making an excavation and not guarding it properly.

This distinction is pointed out in *Griffin* v. *Mayor* (9 N. Y.,

456, at 461), where it is said that a municipal corporation, in the use and occupation of its property, is held to the skill and care which would be required of an individual. (See, also, *Mayor* v. *Furze*, 3 Hill, 612.)

Now, on the contrary, in the case of *Doherty* v. *Waltham* (4 Gray, 596), relied on by the defendants, there is nothing to show that the well had been opened by the defendants. The same is true of the cases of *State* v. *Bangor* (30 Maine, 341), and of *McGinity* v. *Mayor* (5 Duer, 674). In none of these does it appear that the obstruction or defect, which caused the injury, was created by the defendants.

The question then is, what is the duty of a person who makes an excavation, or places an obstruction, in a public highway, such as he may lawfully make or place, for temporary purposes of building and the like? "The performance of the work necessarily renders the street unsafe for night travel. * * * The danger arises from the nature of the improvement, and if it can be averted only by special precautions, such as placing guards or lighting the street, the corporation which has authorized the work is plainly bound to take these precautions." (*Storrs* v. *Utica*, 17 N. Y., 104; *Davenport* v. *Ruckman*, 37 id., 568; *Grant* v. *Brooklyn*, 41 Barb., 381; *Creed* v. *Hartmann*, 29 N. Y., 591.)

But the defendants insist that having put up a barricade, they were not bound to see that it was maintained. Persons, however, travel at late, as well as at early hours. And the obligation of the defendants to warn travelers of the obstruction, which they have created themselves, continues at all times. In the case of *Johnson* v. *Friel* (50 N. Y., 679), the defendant, a contractor, had dug a ditch for the purpose of making a sewer. He filled the trench and repaved it. Afterwards the rain washed out a hole where the earth had been filled, and the plaintiff's horses were injured there. It was held that it was not enough that the defendant left the work in a proper and safe condition at the time. It was his duty to provide for, and anticipate, the natural effect of the rain; to see that during and after the rain it was in proper and safe condition, or that safeguards were placed or watchmen kept, *or such measure of prudent forethought adopted to prevent damages to the traveling public.*

If, then, a person making an excavation is bound to anticipate

that, two weeks afterwards, rain may settle the new earth, and to guard against that by safeguards or watchmen, is he not bound to see that a barricade put up in the evening is so securely fastened that no ordinary force will remove it before morning?

It seems to me that the obligation to protect the traveling public against the damages arising from such an obstruction or excavation is one which exists at all times, because the public are at all times entitled to use the road. Hence the person who has made the obstruction must maintain safeguards. Either he is bound to maintain them at his peril, or, at least, if he may leave them unprotected and exposed to the possibilities of removal during the night, he must erect them of such strength that no prudent and reasonable man would anticipate any danger that they would be taken away.

The case is not unlike that of an owner of premises who allows dangerous places to exist on them and who fails to notify persons coming thereon by invitation, express or implied. (*Coombs* v. *New Bed. Cord. Comp.*, 102 Mass., 592; *Indermaur* v. *Dames*, L. Rep., 2 C. P., 311.)

The question is, was the plaintiff actually warned by the defendants of the danger which they had caused? If not, then had they taken such measures for the purpose of giving the public warning, that their failure to notify the plaintiff of his danger could not have been reasonably anticipated?

The referee, as I understand, has substantially found against the defendants in this particular and I think his finding is not erroneous.

Judgment reversed and new trial granted; referee discharged; costs to abide event.