JAMES ROBERTSON, Appellant, *against* ISAAC J. STILLINGS, Respondent.

(Decided December 2d, 1878.)

It is the duty of the general term, upon an appeal from a judgment entered upon the report of a referee, or the decision of a single judge, to examine the evidence and determine the facts for itself whenever it is requested to do so, and this duty is imposed whether or not exceptions have been taken to findings of fact.

APPEAL from a judgment entered upon a decision of the general term of the Marine Court of the city of New York, reversing a judgment for the plaintiff, entered upon the re port of a referee to whom it had been referred to hear and determine the issues in the action, and ordering a new trial.

*Spencer L. Hillier,* for appellant.

*Josiah Porter,* for respondent.

CHARLES P. DALY, Chief Justice.—The judgment was reversed by the general term for errors of law and fact. It is not necessary to enquire in respect to the errors of law if the reversal was right on the facts. It is the right, and was the duty, of the general term to pass upon the facts upon the evidence. The power to do so is expressly given where the trial is by the court, or by a referee. Where the trial is by a jury, it is otherwise. The court cannot reverse the judgment entered upon the verdict of a jury, upon the facts, unless there was a want of evidence to sustain it; or unless, in extreme and exceptional cases of very rare occurrence, the court, in the exercise of a sound discretion, sets aside the verdict as against the weight of evidence, and orders the case to be tried over again, upon the payment of the costs by the appellant. But where the appeal is from a judgment founded upon the report of a referee, or rendered by a single judge, without a jury, it is, in the language of the Court of Appeals in *Godfrey* v. *Moser* (66 N. Y. 252), " the duty of the appellate court to take the responsibility of examining the evidence, and determining the facts for itself."

To entitle the general term to discharge this duty, no exception to a referee or judge's findings of fact is neces- sary. The decision of the judge or referee is always open to review upon the facts, without any exception. The court will always look into the evidence, if requested to do so, to see whether there is evidence to prove the facts, or any of them, as found; and no exception for that purpose

is' necessary, though it is otherwise with the judge or referee's findings, upon conclusions of law. (*Lefler* v. *Field*, 50 Barb. 410; *Russell* v. *Duflon*, 4 Lans. 406.)

The reasons given, in the opinion of the court below, for the reversal of the judgment, upon the facts, are fully sustained by an examination of the case. The evidence did not warrant a finding by the referee that the plaintiff did not agree to buy the house, but that the verbal agreement for the purchase of it was with the plaintiff's wife. The evidence upon which the referee finds that the agreement was made with her is of a most unsatisfactory nature, consisting of declarations made by her to the witness Baxter, which was allowed to outweigh the sworn testimony of the defendant in the case, whose statement under oath was not even contradicted by the plaintiff, although he was afterwards recalled as a witness and had the opportunity of doing so. The conclusion of the general term, that the extensive repairs and improvements made in the house by the plaintiff were made with the expectation that he was to purchase the house, is the rationable and probable conclusion from the evidence ; and the evidence shows very clearly that the reason why he afterwards refused to purchase, was because the property had depreciated in value $5,000 between the time when the parties had agreed upon the price and when he refused to take it. That it was not taken with the repairs and improvements that the plaintiff put upon it was entirely his own act; and, as the court below said, the fact that repairs and improvements to the value of $900 were put upon a house, the yearly rental of which was but $500, is reconcilable with no other theory than that the plaintiff, when he made these repairs and improvements, did so in the expectation that he was to become the owner of the property ; but the property, before the purchase was completed, having greatly depreciated in value, he refused to purchase it, and then sought to impose upon the owner the burden of paying for repairs and improvements which were no longer of any use to him, he having determined not to buy the house. This is so plain upon the evidence as to leave

no doubt of the correctness of the decision of the general term reversing the judgment, and their decision should be affirmed.

VAN HOESEN, J., concurred.

Judgment and order affirmed, with costs, and judgment absolute against plaintiff ordered.