## WALTON W. EVANS, APPELLANT, *v.* WESLEY GARLOCK AND CHARLOTTE GARLOCK, RESPONDENTS.

*Money paid under a mistake of fact — when it may be recovered back — when the party receiving it cannot be charged with interest.*

The plaintiff, having purchased a farm upon the foreclosure of a mortgage given by one Rogers, leased the same to Rogers' wife at an annual rent of $2,000 a year. Rogers, who managed the farm for his wife, assuming to have authority to act for the plaintiff, signed as his agent a written agreement for the sale of a house and lot taken from the farm to one Charlotte Garlock, and received from her $450 on account of the purchase-price thereof to be sent to the plaintiff. Rogers purchased a draft with the money and sent it to the plaintiff by mail, with a letter advising him that it was sent on account of rent. Subsequently other payments were made by Garlock to Rogers in good faith, none of which were sent to the plaintiff.

In an action of ejectment, brought by the plaintiff to recover the lot from persons claiming under the said contract, the court decided that the plaintiff was entitled to recover the lot, but that Charlotte Garlock was entitled to recover the $450 received by the plaintiff, together with interest thereon.

*Held,* that the plaintiff was properly required to pay back the $450 received from Rogers, but that it was error to charge him with interest thereon.

APPEAL by the plaintiff from a judgment, entered upon the decision of the Wayne county Special Term.

The action was in the nature of an ejectment to recover the possession of a house and lot situate in Sodus, in the county of Wayne, occupied by the defendants.

The premises in question are a part of a farm of which the plaintiff became the owner in August, 1874, by purchase at a sale on foreclosure of mortgage made by Benjamin F. Rogers, who had formerly owned the land. And, on becoming such owner, the plaintiff leased the premises to Mary C. Rogers, the wife of Benjamin F., for one year, at the annual rent of $2,000, payable semi-annually, Mary C. Rogers remained in possession until in November, 1879. The husband managed the business of the farm for his wife until that time, and remained on the farm having some management of it until February, 1882. Assuming authority to act for the plaintiff he negotiated with the defendant Charlotte Garlock to sell her the lot in question, and on the first day of February, 1876, made, in the name of the plaintiff, a written contract (subscribing the name of

the latter by himself as agent) with her to sell and convey it to her for $800, of which $450 was payable and paid by her to him for the plaintiff on that day. And he, on the same day, with it procured a draft for the amount and sent it by mail to the plaintiff, and by the letter inclosing it advised him that it was on account of rent of the farm, and the plaintiff so understood it. The defendant afterwards, from time to time, made other payments to Rogers on the contract, none of which were sent to the plaintiff. Rogers had no authority from the plaintiff to sell the lot or to make the contract, and the plaintiff was not advised that it had been made until early in 1882.

The defendant Charlotte Garlock supposed Rogers had the power he so assumed to have and entered into the contract in good faith. And the occupation by the defendants was under that contract.

The answer alleges the circumstances and asks for equitable relief. The court determined that the plaintiff was entitled to recover the possession of the premises; and that the defendant Charlotte Garlock was entitled to recover of the plaintiff the $450 with interest, and directed judgment accordingly. The plaintiff took exception to the conclusion charging him with liability to pay that sum; and from the judgment entered to that effect he appeals.

*L. M. Norton*, for the appellant.

*E. K. Burnham*, for the respondents.

BRADLEY, J. :

In view of the relation to the plaintiff assumed by Rogers, at the time the contract was made with the defendant to sell to her the premises in question, he received for the plaintiff the '$450 then paid, and undertook to deliver it to him. That was the situation as between the defendant and Rogers. And on the same day he put the money into a draft and forwarded the draft to the plaintiff who received it. The question arises whether the purpose of the payment of it to the plaintiff as he was advised by Rogers at the time of the delivery to and receipt of it by him governs the rights of the parties in respect to the fund.

It is contended on the part of the plaintiff, that when Rogers purchased the draft he appropriated and converted the money and

it was no longer characterized as the money paid to him for the plaintiff. The draft was the mere substitute for the money and did not change its character in relation to the purpose for which it was paid and the destination for which it was designed. A trust was assumed by Rogers when he received the money. If he had acted by authority derived from the plaintiff the trust would have been in his behalf and the latter could have followed the money into any substituted form his agent might have placed it, and until it had reached the hands of a *bona fide* owner. Not having any such authority Rogers must be deemed the instrument or trustee of the defendant, for the purpose of applying the money as contemplated by paying it to the plaintiff as purchase-money upon the contract which purported to entitle him to it.

The purpose and relative character of the fund were not affected or qualified by the substitution for it of the draft. (*Van Alen* v. *Am. N. Bank*, 52 N. Y., 1; *Justh* v. *N. Bank, etc.*, 56 id., 483; *Newton* v. *Porter*, 69 id., 133; *Pennell* v. *Deffell*, 4 De Gex, M. & G., 372, 388.) The draft representing the money went to the plaintiff, apparently for the purpose of paying rent of the farm which was due him from Mrs. Rogers. In this manner Rogers sought to divert it from the object designed and by him understood when he received it from the defendant. And that is claimed to be effectual as an appropriation and to defeat the defendant's right to recover against the plaintiff. If she had not supposed that Rogers had the authority he assumed to have and represented to her he had, there may have been some difficulty in the way of relief for her against the plaintiff. But she was induced to pay this money by a mistake of fact on her part. And it was not paid to Rogers to become his money. It was by such mistake sent by her through him to the plaintiff, and although the true source and purpose of the money was concealed from the plaintiff, and he received it for a different and specific purpose, he parted with nothing for it and did not become the *bona fide* owner of the fund. The application of it upon the precedent debt due from Mrs. Rogers, did not make him such. (*Cardwell* v. *Hicks*, 37 Barb., 458; *Weaver* v. *Barden*, 49 N. Y., 292.) And as against the defendant the plaintiff acquired no right to retain the money. (*Utica Bank* v. *Van Gieson*, 18 Johns., 485; *The Kingston Bank* v. *Eltinge*, 40 N. Y., 391; *U.*

*N. Bank of Troy* v. *Sixth N. Bank of N. Y.*, 43 id., 452 ; affirming 1 Lans., 13.) The relief in view is equitable in character and the question is, which of the parties is in equity and good conscience entitled to the money? The defendant was wholly governed by misapprehension and mistake of the fact in respect to the authority of Rogers, and parted with the money upon the faith and belief that he legitimately represented the plaintiff, and was his agent in the transaction duly authorized in that behalf. And the plaintiff, on the receipt of it, neither relinquished or advanced anything which made him the recipient for value in a legal sense. It would seem to follow that upon well recognized equitable considerations he may be treated as trustee of the fund in behalf of the defendant, on his refusal to ratify the purpose for which the money was paid by her. The cases cited by the plaintiff's counsel do not hold to the contrary in view of the facts here presented.

In *Stephens* v. *Board of Education* (79 N. Y., 183) the money was obtained by one Gill from the plaintiff by means of a forged mortgage, and being liable to the plaintiff for its moneys appropriated by him, he used a considerable portion of the amount so obtained from the plaintiff to discharge such liability, and the action was brought to recover money so paid to the defendant. The court held that the plaintiff was not entitled to recover — that the defendant received it from Gill as his money in the ordinary course of business and upon a good consideration, and that a valuable consideration was not required in such a case. It will be observed that the plaintiff there intended to let Gill have the money for himself alone. That case is distinguished from this by the fact that Gill did not assume to act as the defendant's agent, and the money was not furnished to him by reason of any supposed or assumed relation of him to the Board of Education, and there was no question of trust involved.

In *Southwick* v. *First National Bank of Memphis* (84 N. Y., 420), while the draft was accepted with the understanding with the drawer that its proceeds were to be used to pay an outstanding acceptance of the drawers, it was discounted by the defendant for them pursuant to an arrangement that the amount of it should be credited in their account with the defendant and applied upon the

balance against them in the account. The draft was accepted and paid by the drawee. On refusal of the defendant to permit the proceeds to be applied to the purpose for which the draft was accepted, the assignee of the drawee of this draft and of the holder of the acceptance before mentioned brought the action to recover the amount. The court held that the plaintiff was not entitled to recover. But in that case there was no pertinent mistake of any existing fact which induced the acceptance of the draft; there it was mere matter of expectation, in view of the arrangement with the drawer, that the proceeds should be used in a particular manner of which the defendant had no knowledge. The mere confidence in a drawer that he would faithfully observe the instructions which permit him to obtain the acceptance of his draft, will not permit recovery of the money from one who has taken it in the regular course of business upon good consideration and without notice of its purpose as between the parties to it. But that rule may not apply where there is such purpose and the money or liability on commercial paper is furnished by reason of a pertinent mistake of fact. Then the mistake may support relief, as against any party other than a holder in good faith for a valuable consideration. The case at bar seems to be within the rule which justifies relief. Assuming that a demand in such case would be required to support an action to recover the money, it is not necessary to determine whether the rule requiring it is applicable to. such relief by way of equitable defense in the nature of counter-claim, as it does not appear by the record that the question was raised at the trial or by request to find.

The more difficult question arises out of the allowance of interest on the sum which the plaintiff received. It is allowed where the circumstances are such as to show that as between the parties the one recovering is equitably entitled to it; and as a rule it will be charged to a trustee who has used the trust fund, been negligent in paying it over or investing it. (*Dunscomb* v. *Dunscomb*, 1 Johns. Ch., 508.) This is founded to some extent upon a breach of trust or disregard of duty as trustee, otherwise the mingling the money with his own and using it in his business does not necessarily have the effect to create a liability to pay interest. (*Rapalje* v. *Hall*, 1 Sandf. Ch., 399–404.) The plaintiff was not conventionally a trustee. (*Utica Bank* v. *Van Gieson*, 18 Johns., 485.) The money came to

him under circumstances which enabled him to understand that it was his and paid to him on a debt justly due. And it is not apparent why he should be charged with interest on the money until he was in some manner in default. The fact that he had the money and may have used it, which he probably did, does not justify the assumption that he has so realized from it as to enable the court to say that his profits upon it have equaled the interest or any sum. He was not required to give to it accumulation ; and he owed no duty to the defendant in that respect because he had no knowledge that it came from her, or that she in any event would assert any claim to it. The case does not seem to come within any principle which should charge the plaintiff with interest. (*Russell* v. *Duflon*, 4 Lans., 399 ; *Robinson* v. *Corn Exchange, etc., Ins. Co.*, 1 Robt., 14.)

These views lead to the conclusion that the defendant's recovery of the sum paid by her, and which went to the plaintiff, is supported, and that she was not entitled to recover interest upon it.

The judgment should therefore be modified by deducting from the recovery of the defendant Charlotte Garlock $216 (the amount of interest allowed), as of March 31, 1884 (the date of decision of the court), and as so modified, affirmed, without costs to either party.

SMITH, P. J., and BARKER, J., concurred.

The portion of the judgment appealed from modified by deducting therefrom as of the date of the decision, the sum of $216 allowed as interest, and as so modified, affirmed, without costs of this appeal to either party.