JAMES SHARKEY, Appellant, *v.* LUTHER E. MANSFIELD, Respondent.

Where one party to a contract, by mistake, makes an over-payment thereon, which is received by the other party without any mistake on his part, and with full knowledge of all the facts, a demand is not necessary before bringing suit to recover back the over-payment.

*Mayor* v. *Erben* (3 Abb. Ct. of App. Dec., 255) and *Southwick* v. *F. N. Bank* (84 N. Y. 420), distinguished.

As to whether the rule requiring a demand where the mistake is mutual applies to a defendant setting up the over-payment by way of counter-claim, *quære.*

The acceptance and retention of an account without objection, although tending to establish an admission of its correctness, is not conclusive; it may be met by proof of mistake undiscovered while the account was so retained, and the question then becomes one of fact for a jury.

(Submitted June 30, 1882; decided October 17, 1882.)

APPEAL from judgment of the General Term of the city court of Brooklyn, entered upon an order made October 1, 1880, which affirmed a judgment in favor of defendant, and affirmed an order denying a motion for a new trial.

This action was brought to recover a balance alleged to be due for work and material in building a stone pier in the Gowanus canal.

Plaintiff claimed that the work, save some extra work, was to be done for a gross sum, and that no price was fixed for the extra work; defendant claimed the agreement to be that the work should be paid for at a specified price per cubic yard. He set up as a counter-claim an over-payment made through mistake on his part as to the quantity of the work done, which mistake was not discovered until a measurement was made after the suit was commenced, which was in 1878. Plaintiff proved that his book-keeper presented to defendant a bill for the work as claimed by him in 1872, and that thereafter defendant made payments thereon.

*N. H. Clement* for appellant. The defendant was bound to make a demand, or at least give plaintiff notice of the mis-

take. (*Mayor* v. *Erben*, 3 Abb. Ct. of App. 255 ; *Southwick* v. *First Nat. B'k of Memphis*, 84 N. Y. 420.) A counter-claim must be one existing in favor of a defendant and against the plaintiff in the action at the commencement thereof. (*Myers* v. *Davis*, 22 N. Y. 489.) When a demand is necessary, a cause of action does not accrue till the demand is made. (*Fisher* v. *Mayor*, etc., *of New York*, 67 N. Y. 73.)

*Tracy, Catlin & Hudson* for respondent. The counter-claim is in the nature of an action for money had and received to the use of the defendant. (3 Add. on Cont., § 1408 ; *Nelson* v. *Kerr*, 59 N. Y. 225 ; *Dale* v. *Birch*, 3 Camp. 346.) In such an action it is not necessary to make a demand before suing the sheriff. (*Nelson* v. *Kerr*, 58 N. Y. 225 ; *Brewster* v. *Van Ness*, 18 Johns. 133 ; *Dygert* v. *Crane*, 1 Wend. 535 ; *Lillie* v. *Hoyt*, 5 Hill, 398 ; *Utica B'k* v. *Van Gilson*, 18 Johns. 485 ; *Andrews* v. *Artisans' B'k*, 26 N. Y. 299 ; *Lawrence* v. *Carter*, 16 Pick. [Mass.] 12 ; *Dill* v. *Warebaum*, 7 Metc. [Mass.] 438 ; *Earle* v. *Bickford*, 6 Allen, 549.)

FINCH, J. This is not a case of money paid under a mutual mistake, where the action of each party was equally innocent. The mistake was that of the party who paid, and not at all that of the one who received the amount in dispute. The plaintiff was employed by the defendant to build a stone pier in the Gowanus canal. The precise terms of the contract, and the amount due for construction were sharply litigated on the trial ; but the verdict of the jury establishes that there was an over-payment mistakenly made by the defendant. His right to recover back is resisted, mainly upon the ground that notice was not given and demand made of the over-payment, before setting up the counter-claim. Without stopping to consider whether the same rule applies to a defendant pleading an over-payment by way of counter-claim, as that which governs a plaintiff suing for the same cause, and assuming the law to be identical in both cases, we are still of opinion that a demand was not a condition precedent to the defendant's right of action.

Two cases in this court are relied upon by the appellant. (*The Mayor* v. *Erben*, 3 Abb. Ct. of App. Dec. 255 ; *Southwick* v. *The First National Bank of Memphis*, 84 N. Y. 420.) In the first of these cases no mistake was established, and that fact decided the case. The court added, "where money is paid under *mutual* mistake," demand, or at least notice of the error, must precede a right of recovery. In the later case the mistake was mutual, and stress was laid upon the fact that the defendant "lawfully and innocently received the draft and the money thereon." The ground of these decisions is quite obvious. Where the mistake is mutual, both parties are innocent, and neither is in the wrong. The party honestly receiving the money through a common mistake owes no duty to return it until at least informed of the error. It is just that he should have an opportunity to correct the mistake, innocently committed on both sides, before being subjected to the risks and expenses of a litigation. It was said in *Abbott* v. *Draper* (4 Denio, 53) that "when a man has paid money as due upon contract to another, and there is no mistake, and no fraud or other wrong on the part of the receiver, there is no principle upon which it can be recovered back until after demand has been made." While this language is not accurate as to a mistake on the part of the receiver, if that was the meaning intended, the doctrine is clearly recognized that where the receiver is guilty of fraud or other wrong in taking the money, he is not entitled to notice. The necessity of a demand does not, therefore, exist in a case where the party receiving the money, instead of acting innocently and under an honest mistake, knows the whole truth and consciously receives what does not belong to him, taking advantage of the mistake or oversight of the other party, and claiming to hold the money thus obtained as his own. In such case he cannot assume the attitude of bailee or trustee, for he holds the money as his own, and his duty to return it arises at the instant of the wrongful receipt of the over-payment. He is already in the wrong and it needs no request to put him in that position. (*The Utica Bank* v. *Van Gieson*, 18 Johns. 485 ; *Andrews* v. *Artisans' Bank*, 26 N. Y. 299 ; *Dill* v.

*Wareham,* 7 Metc. 447 ; *Southwick* v. *First National Bank of Memphis,* 84 N. Y. 430.)

This case is of that character. The receiver was not innocent. If he did not perpetrate a fraud, at least he committed a wrong. He knew all the facts and must be assumed to have known the law. He went to trial not admitting a mistake, but insisting that there was none. He charged a price beyond that to which he was entitled, or for quantities which were exaggerated, and obtained the money through the inadvertence and mistake of his debtor, who had not measured the work. He did not come rightfully by the excess. He took it as his own money, conscious of all the facts, and not only claimed to hold it as such, but sued to recover more. The case is not one in which he owed no duty until apprised of his mistake, for he made none. He took what was not his, knowing all the facts, and at the moment of its receipt it was his duty to return it. The action for money had and received could be at once maintained.

The appellant further relies upon the facts of the presentation of his bill and a payment thereafter, made by the defendant, and also upon the lapse of time during which the bill remained unchallenged. These circumstances he insists amounted to an admission of the correctness of the bill. They tended to that result, but were not conclusive. They were met by the defendant's evidence of mistake and his explanation consistently therewith. The facts relied on and the explanation given were submitted to the jury and they have determined the question. We discover no just ground for reversing the recovery.

· The judgment should be affirmed, with costs.

All concur, except TRACY, J., taking no part.

Judgment affirmed.