### LEACH *et al. v.* VINING *et al.*

(*Supreme Court, General Term, Fourth Department.* April, 1892.)

1. APPEAL—DECISION—REVERSAL.

In an action to foreclose a mortgage for a balance alleged to be due, the answer set up that the mortgage was overpaid by mistake, and demanded judgment for the amount so overpaid. The court gave judgment for defendant. *Held*, where no question was raised at the trial as to the necessity of a demand as a condition precedent to defendant's right of recovery, that a failure by defendant to show any other demand than that made by serving his answer would not warrant a reversal.

2. PAYMENT BY MISTAKE—RECOVERY—INTEREST.

In such case, the mistake being mutual, and no fraud being imputed to either party, defendant was entitled to recover interest on the overpayment only from the date of the service of his answer.

Appeal from special term, Broome county.

Action by Caroline Leach and another, as executors of Winslow C. Leach, deceased, against John Newell Vining and others. From a judgment dismissing the complaint, and directing judgment in favor of defendant Atwood P. Vining for $303.13, plaintiffs appeal. Judgment modified.

The action is brought to foreclose a mortgage executed by the defendant John N. Vining to Winslow C. Leach, plaintiffs' testator, on the 1st April, 1868, to secure the payment of the sum of $500 in 10 equal annual payments, with annual interest. The answer of the defendants sets up not only that the mortgage has been fully paid, but that overpayments to the amount of $314.38 have by mistake been made by the defendant Atwood P. Vining, and he asks an affirmative judgment for that amount against the plaintiffs. The premises were conveyed by the mortgagor to Atwood P. Vining subject to the mortgage before any payments were made thereon.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Edward K. Clark*, for appellants. *D. S. & R. B. Richards*, for respondents.

MERWIN, J.　The controversy in this case is over the matter of payments. Upon the trial none of the payments that defendants claimed were disputed, except one of $128, alleged to have been made on or about May, 1870, and one of $49, on May 7, 1872.　As to both of these the court below decided against the plaintiffs.　Upon applying those payments and others that were made on or before May 5, 1879, that are undisputed, the result followed that on the 5th May, 1879, the mortgage was overpaid the sum of $4.35.　The subsequent payments, as found by the court, were $84.38, October 22, 1886, and $154.08, November 4, 1887.　The overpayment on May 5, 1879, and the subsequent payments, with interest from the date of payment, make up the amount of the judgment allowed against the plaintiffs.　No point is made here as to the $49 payment.　The plaintiffs, however, claim that the evidence does not justify the allowance of the $128 payment.　If this was not allowed, there would remain a balance due on the mortgage after applying all the other payments.　The evidence tends to show that in the spring of 1870 the defendant Atwood P. Vining had an account against Mr. Leach for about $400 for sawing timber, for which he claimed credit upon the mortgage. Mr. Leach claimed the amount was too large, and also that he had an account against John N. Vining, which should be first deducted.　That the matter was referred to three arbitrators, who decided verbally that the account of Atwood should be allowed, the account of Leach against John N. be deducted, and the balance be applied on the mortgage.　That this balance was $128, That this arrangement was satisfactory to both parties, and that thereupon Leach indorsed upon Atwood's account in his (Atwood's) book the following: "Settled this saw bill by arbitration, one hundred twenty-eight dollars, to be applied on mortgage."　This indorsement was not signed by Leach or dated, but there was evidence tending to show that it was in Leach's handwriting, and that the transaction was in or about May, 1870.　The three arbitrators, one of whom was the partner or hired man of Mr. Leach, were called as witnesses, and gave evidence corroborating the settlement.　Upon the subject of the handwriting of the indorsement there was evidence by way of comparison, with admitted signatures or writings of Mr. Leach.　Of this class of evidence we have not here the benefit, so far as the inspection of the original papers is concerned.　The failure of Atwood, in some subsequent transactions between him and Mr. Leach or the plaintiffs, to assert the existence of this payment, is urged as a strong circumstance against his theory.　Still it is not conclusive.　The evidence justified, I think, the conclusion of the special term.　At least we have no right to say it is against the evidence.

Assuming that the court was correct in its findings as to the disputed payments, the question then arises whether the judgment in favor of the defendant Atwood for the overpayments is correct.　No point is made as to the form or sufficiency of the pleadings upon this subject.　It is very clear that the overpayments were made by mistake.　The party paying did not intend to pay any more than was due, nor did the plaintiffs or their testator suppose that they were receiving more than was in fact due.　If the party paying was negligent in the matter, that would not be a bar to his claim.　*Lawrence* v. *Bank*, 54 N. Y. 432.　But the plaintiffs claim that the affirmative judgment was erroneous, for the reason that no demand had ever been made either of the plaintiffs or Mr. Leach, and that until such demand was made no right of action or for an affirmative judgment could arise.　The general rule is that the obligation of a party to refund money voluntarily paid by mistake can arise only after the notification of the mistake and a demand of payment.　*Southwick* v. *Bank*, 84 N. Y. 420, 430.　There seems to be some question whether this rule would apply to the case of a defendant setting up overpayment by way of counterclaim.　*Sharkey* v. *Mansfield*, 90 N. Y. 227. Be that as it may, no question was made at the trial as to the necessity of a demand as a condition precedent to the right of recovery, nor was any re-

quest for findings upon that subject made by the plaintiffs. The findings as made do not state whether any demand was made or not. The answer in which these overpayments were set up and their recovery demanded was, as the statement in the appeal book shows, served on the 14th April, 1890. Under the circumstances of this case, I am inclined to the opinion that the failure to show any other demand except what is made by the answer is not sufficient ground for the reversal of the judgment.

The court included in the amount for which judgment was directed the interest on each overpayment from the time when such overpayment was made. This, the plaintiffs claim, was incorrect, and that interest was only allowable from the time of the service of the answer, which, for the purpose of interest, might be deemed the date of the demand. This question the plaintiffs are in a position to raise under their exception to the conclusion of law that the defendant was entitled to judgment in the sum of $302.13. There was here a mutual mistake, and no fraud can be imputed to either party. In such a case, interest should not be allowed except from the time when the demand was made. *King* v. *Diehl*, 9 Serg. & R. 409; *Ashurst* v. *Field*, 28 N. J. Eq. 315; 1 Amer. Lead. Cas. (2d Ed.) 528; 11 Amer. & Eng. Enc. Law, 398. That would exclude interest in this case prior to April 14, 1890. The payments of October 22, 1886, and November 4, 1887, were by way of account for work and materials furnished by defendant Atwood P. Vining under agreement with the plaintiffs or their testator that the amount thereof should be applied on the mortgage. No account was rendered in any other view, or payment demanded until the service of the answer. The defendant is not in a position to obtain interest from the time of the presentment of the account, because then it was treated by all parties as a payment. It follows that the recovery should be limited to the amount of the overpayments, with interest from April 14, 1890. The aggregate of the overpayments is $242.81; the interest from April 14, 1890, to the date of the decree, January 27, 1891, is $11.44; making a total of $254.25. The judgment should be modified by reducing it to this amount, and, as modified, affirmed, without costs.

Judgment modified by reducing the recovery as stated in the judgment from the sum of $302.13 to the sum of $254.25, and, as modified, judgment affirmed, without costs of this appeal to either party. All concur.