(7 Misc. Rep. 444.)

## WYCKOFF v. CURTIS.

(City Court of New York, General Term.    March 9, 1894.)

1. TRIAL—REQUEST TO DIRECT VERDICT.
     Where defendant requested the court to direct a verdict in his favor, and made no request to be allowed to go to the jury on any question, the judge became the trior of disputed questions of fact.
2. STATUTE OF LIMITATIONS—RECOVERY OF MONEY PAID UNDER MISTAKE.
     Where money is paid under a mutual mistake, the statute of limitations does not begin to run until plaintiff informs defendant, and demands a return of the money.

Appeal from trial term.

Action by Emily F. Wyckoff against James L. Curtis.    From a judgment entered on a verdict directed by the court in favor of plaintiff, defendant appeals.    Affirmed.

Argued before VAN WYCK, NEWBURGER, and McCARTHY, JJ.

E. A. S. Man, for appellant.

E. A. Turrell, for respondent.

VAN WYCK, J.    The defendant obtained $970 from plaintiff, either under a mutual mistake, or by fraud on defendant's part. This mistake or wrong should be righted, and plaintiff's judgment for that sum should, if possible, be sustained on this defend-

ant's appeal therefrom. At the close of the case, defendant requested the court to direct a verdict in his favor, and made no request to be allowed to go to the jury on any question. Hence, the judge thus became the trior of disputed questions of fact, with the same force and authority as the jury would have had if the same had been submitted to them; and, if the verdict directed by the judge for plaintiff is justified by the proof, the judgment entered thereon should be affirmed, even though it becomes necessary to amend the complaint on this hearing so as to conform the same to the proof and verdict. And such amendment can be made here, because at no stage of the trial did defendant move to dismiss on the ground that plaintiff had failed to prove the cause of action alleged in the complaint, but his motion to dismiss was upon the ground that the statute of limitation prevails, and "because no cause of action has been proven." The proof would justify the judge in finding: That in the summer of 1886 (July, August) it was represented to plaintiff that one Bailey was under contract to purchase a city lot from the defendant for $1,000. That defendant sold and assigned the claim of his against Bailey to the plaintiff for $970, and at the same time delivered his (defendant's) duly-executed deed of conveyance of this lot to Bailey (named as grantee therein) to plaintiff, in escrow, to be by her delivered to Bailey upon payment of the purchase price of $1,000. That thereafter, in the summer of 1888, plaintiff made inquiry of Mr. Hutchins—to whom defendant referred him, as the lawyer for Bailey—as to whether Bailey had any existence at all, and that thereafter, and after other diligent efforts in the same direction, plaintiff reported to defendant such efforts, and her inability to locate Bailey, or ascertain his existence, and defendant said: "I have never seen Bailey. I have made some inquiries to find out who he was, and where he was, but I do not know where he is, because I could not locate him. I do not know whether such a man as this Bailey ever existed. I had this transaction with his lawyer." That thereupon plaintiff offered to return the Bailey escrow deed to defendant, if he would deed the lot to plaintiff, and that defendant refused to do so, and thereupon plaintiff demanded a return of the $970 from defendant, who promised to pay the same. In finding that Bailey was never in existence, or that he was a fictitious grantee named in the escrow deed, the judge may have found either that the $970 was paid and received under a mutual mistake as to Bailey's existence as a grantee, or that the money had been obtained by defendant by fraud, by reason of his then knowledge that Bailey, as such grantee, was a myth.

The defendant's contention is that the return of the money should have been sought by action against him within six years from the summer of 1886,—the time when he first obtained the same from plaintiff. The 380th section of the Code provides that actions must be commenced within certain periods "after the cause of action has accrued." Did plaintiff's cause of action for the return of the money paid to and received by defendant

under a mutual mistake accrue until defendant had been informed of the mistake as to Bailey's nonexistence as the named grantee in the escrow deed, and a return of the money demanded of him? Judge Earle, in Southwick v. Bank, 84 N. Y. 430, says:

"The obligation of a party to refund money voluntarily paid by mistake can arise only after notification of the mistake, and a demand of payment."

And Judge Finch, in Sharkey v. Mansfield, 90 N. Y. 229, says:

"Where the mistake is mutual, both parties are innocent, and neither is wrong, the party honestly receiving the money through a common mistake owes no duty to return it, until, at least, informed of the error; and he should have an opportunity to correct the mistake, innocently committed on both sides, before being subjected to the risks and expenses of a litigation."

If the payment was made under mutual mistake, the plaintiff could not maintain an action for its return until defendant had been apprised of the mistake, and a demand made upon him for its return. But can section 410 of the Code be invoked in aid of defendant's contention that the six-years limitation began running in his favor from the time in 1886 when he first received the money under such mistake? This section provides that:

"Where a right exists, but a demand is necessary to maintain an action, the time within which the action must be commenced must be commuted from the time when the right to make the demand is complete."

The plaintiff's right to demand a return of the money paid under mutual mistake was not complete, in this case, until both had mutually concluded that a mistake had been made, as regards the identity or existence of Bailey as a grantee, and the transaction, as between plaintiff and defendant, had been rescinded by plaintiff's offer to return the deed held by her in escrow, and by defendant's promise to repay her the money; and all of this took place within the five years preceding the commencement of this action. If the finding of fact was that the defendant had originally obtained the money by fraud, by reason of his then knowledge that Bailey was a fictitious grantee named in the deed delivered to plaintiff in escrow, then the defendant, who then and now holds the legal title to this city lot, would be deemed as then holding, and having since detained, the lot as trustee for plaintiff, and equity would so decree. Hence, plaintiff had the right to demand a conveyance of the lot to herself, and enforce this demand in equity against his trustee, or, upon refusal to so convey, to demand a return of the money from such trustee, at any time within six years "after he had actual knowledge of the facts upon which that right depends," and this right is vouchsafed to her under first subdivision of section 410 of Code; and she did not have actual knowledge of these facts until about five years before commencement of this action. For the purpose of sustaining the verdict and judgment, the pleadings are amended by conforming the same to the facts proved, and the judgment is affirmed, with costs. All concur.