## MULLIGAN et al. v. HARLAM.

### (Supreme Court, Appellate Term. March 21, 1905.)

1. MONEY RECEIVED—FRAUD—DEFENSES.

　　Plaintiffs executed a check to defendant at the instance of K., who secured the check by delivering to plaintiffs a note made by him for the amount of the check, bearing the forged indorsement of defendant. At K.'s solicitation, defendant indorsed the check, passed it through his bank, and subsequently paid the proceeds to K. *Held*, that defendant received plaintiff's money without consideration, and in consequence of K.'s fraud, and that plaintiff was therefore entitled to its immediate return, though defendant could not be restored to his original position.

　　[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Payment, § 281.]

2. SAME—EVIDENCE.

　　Evidence as to K.'s conversation with defendant at the time of the presentation of the check, and as to defendant's subsequent delivery of the money to him, was inadmissible.

3. SAME—GOOD FAITH.

　　A demand for the return of the money having been made before suit brought, evidence of defendant's good faith was inadmissible.

Appeal from City Court of New York, Trial Term.

Action by Thomas F. Mulligan and another against Edward M. Harlam. From a judgment in favor of plaintiffs, defendant appeals. Affirmed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

W. C. Findlay, for appellant.

B. F. Edsall, for respondents.

O'GORMAN, J. Action to recover $1,200, the amount of a check made by plaintiffs to the defendant at the instance of one Kelly, who secured the check on the delivery to the plaintiffs of a note made by Kelly for that amount, and bearing the forged indorsement of the defendant. At the solicitation of Kelly, the defendant indorsed the check, passed it through his bank, and it was paid by the plaintiffs' bank in due course. There was judgment for the plaintiffs, and the sole question presented is whether the trial justice erred in excluding evidence tendered by the defendant as to Kelly's conversation with him at the time of the presentation of the check, and as to the defendant's subsequent delivery of the $1,200 to Kelly. The case, under

.the proof, is simply a case of money had and received. The defendant received plaintiffs' money without consideration, and in consequence of the fraud of a third person. The plaintiffs had a right to its immediate return. It is no defense that the defendant cannot be restored to his original position. Kingston Bank v. Eltinge, 40 N. Y. 399, 100 Am. Dec. 516. Evidence of defendant's good faith would be admissible only if suit were brought without previous demand. Sharkey v. Mansfield, 90 N. Y. 227, 43 Am. Rep. 161. As a demand was made, that question did not arise, and defendant's exception to the exclusion of this evidence is unavailing.

Judgment affirmed, with costs. All concur.