CREDIT ALLIANCE CORPORATION, Plaintiff, *v.* SHERIDAN THEATRE COMPANY, INC., Defendant.

Supreme Court, New York County, November, 1923.

Bills and notes — money advanced on forged notes — deposit of check with forged indorsement to defendant's credit — withdrawal of proceeds by officer of defendant and appropriation of same to his own use — defendant not liable to holder of notes — corporations.

Promissory notes of defendant bearing the forged indorsement of its treasurer were given by its president upon receiving a loan from plaintiff who at the time assumed that it was dealing with an authorized agent of defendant and that the moneys advanced were for its benefit. The plaintiff's check to defendant's order for the amount of the loan when deposited to its account also bore the forged indorsement of its treasurer. On the day such deposit was made, defendant's president withdrew the amount thereof by a check likewise bearing the forged indorsement of defendant's treasurer and appropriated the same to his own use. Both at the time of such deposit and its withdrawal defendant's

balance in bank was less than the amount of said check. Immediately upon the discovery of the fraud, this action was brought for money had and received. *Held*, that the proceeds of plaintiff's check having been withdrawn without knowledge on the part of defendant or that the money had ever been placed to its credit, defendant had enjoyed no benefit and had exercised no dominion over plaintiff's property and judgment will be directed in favor of the defendant.
The defendant was not chargeable with the unauthorized act of its president nor was he its agent in the transaction.

ACTION for money had and received.

*Louis Lempel* (*Joseph Sapinsky*, of counsel), for plaintiff.

*Henry Brill* (*William Kaufman*, of counsel), for defendant.

O'MALLEY, JAMES, J. This is an action for money had and received. The parties are in substantial accord on the facts. Upon the trial a jury was waived and the questions of law involved submitted to the court.

The sum sued for, $2,250, was advanced by the plaintiff as a loan. It assumed at the time that it was dealing with an authorized agent of the defendant, and that the moneys advanced were for the defendant's benefit. It developed that the notes given by the defendant's president bore the forged indorsement of its treasurer; that the plaintiff's check to the defendant's order for the amount of the loan when deposited to the defendant's account also bore the forged indorsement of its treasurer, and that on the day the check was so deposited the proceeds thereof were immediately withdrawn by the defendant's president by means of a check likewise bearing the forged indorsement of its treasurer, and the funds wrongfully appropriated to the president's use. The defendant's balance at the time of the deposit and the withdrawal was less than the amount of the check.

Upon discovering the fraud practiced upon it and the fact that the notes had been forged the plaintiff abandoned its claim upon the notes and brought this action for money had and received.

The plaintiff's right to recover depends upon whether the defendant in any way had the beneficial use of the money or exercised dominion over it. It is urged by the plaintiff that the defendant has benefited for the reason that it has a right of action against the bank for having paid out the moneys on a forged indorsement, and that the funds must be regarded as the property of the defendant.

I am unable to agree with the plaintiff's contention. It had absolutely no knowledge either of the transaction itself or of the fact that the money was deposited to its account unless it can be said that the knowledge of its defaulting officer was its knowledge. But as his acts were wholly unauthorized he was not the defend-

ant's agent. *Benedict* v. *Arnoux*, 154 N. Y. 715; *Prudential Ins. Co.* v. *Nat. Bank of Commerce*, 227 id. 510, 515; *Brooklyn D. Co.* v. *Standard D. & D. Co.*, 193 id. 551; *Henry* v. *Allen*, 151 id. 1. The money having been immediately withdrawn by the defendant's treasurer without its knowledge of the transaction or that the funds had ever been placed to its credit, it follows that it enjoyed no benefit and exercised no dominion over the plaintiff's property.

The case of *Mulligan* v. *Harlam*, 46 Misc. Rep. 571, is clearly distinguishable upon the facts. There the defendant participated in the transaction and not only authorized the deposit but the withdrawal of the funds by the wrongdoer. Moreover, the only question there involved appears to have been the admissibility of certain evidence excluded upon the trial.

The situation here presented is not unlike that which would be created by the act of a thief in depositing a stolen watch in the pocket of an innocent and unknowing bystander. If the thief later removed the watch from his pocket could the innocent party be held for conversion or upon the theory of *quasi* contract upon demand and his refusal to surrender the watch after it had left his possession?

It is obvious that the defendant's bank was used merely as a conduit for the theft of the plaintiff's money, and that under all the circumstances the exact fund advanced by the plaintiff was stolen from it and found its way into the pocket of the defendant's president.

Judgment directed for the defendant.

Judgment accordingly.